# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT        *
1250 Connecticut Avenue, NW        *
Suite 700        *
Washington, D.C.  20036        *
        *
     and        *
        *
JOSH GERSTEIN        *
3705 Templeton Place        *
Alexandria, VA 22304        *
        *
     Plaintiffs,        *
        *
     v.        *     Civil Action No. 20-1488
        *
CENTRAL INTELLIGENCE AGENCY        *
Washington, D.C. 20505        *
        *
     and        *
        *
DEPARTMENT OF JUSTICE        *
950 Pennsylvania Avenue, NW        *
Washington, D.C. 20530-0001        *
        *
     and        *
        *
OFFICE OF DIRECTOR OF        *
NATIONAL INTELLIGENCE        *
Washington, D.C. 20511        *
        *
     and        *
        *
DEPARTMENT OF DEFENSE        *
1000 Defense Pentagon        *
Washington, D.C. 20301-1000        *
        *
     and        *
        *
DEPARTMENT OF STATE        *
Office of the Legal Adviser        *
600 19th Street, NW        *
Washington, D.C. 20522        *

```
        and                          *
                                     *
                                     *
DEPARTMENT OF THE TREASURY           *
1500 Pennsylvania Avenue, NW         *
Washington, D.C. 20220               *
                                     *
        Defendants.                  *
                                     *
*     *     *     *     *     *     *     *     *     *     *     *
```

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking expedited processing of requests submitted by the plaintiffs The James Madison Project and Josh Gerstein to the defendants Central Intelligence Agency, Department of Justice, , Office of Director of National Intelligence, Department of Defense (as well as its subordinate entity), the Department of State, and the Department of the Treasury.

## JURISDICTION

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4.   Plaintiff Josh Gerstein ("Gerstein") is a Senior Legal Affairs Contributor at Politico, as well as a legal commentator for MSNBC, and qualifies as a representative of the news media.

5.   Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

6.   Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI")

7.   Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

8.   Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the National Security Agency ("NSA").

9.   Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

10. Defendant Department of the Treasury ("Treasury") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

## FACTUAL BACKGROUND

11. This lawsuit is brought under the Freedom of Information Act ("FOIA") and initially seeks to expedite the ultimate production to the American public of information outlining to what extent senior U.S. Government officials over the last four years have sought to "unmask" the identities of American citizens found in foreign intelligence reports.

12. On May 4, 2020, the then-acting Director of National Intelligence, Richard Grenell ("Director Grenell") released to Congress a declassified memorandum that described a "revised list of identities of any officials who submitted requests to the National Security Agency at any point between 8 November 2016 and 31 January 2017, to unmask the identity of former National Security Advisor, Lieutenant General Michael T. Flynn (USA-Ret.)." Per a cover letter from Director Grenell to Senators Charles Grassley and Ron Johnson, ODNI declassified the document with limited exceptions. The list itself was then made public. *https://www.foxnews.com/politics/grenell-releases-list-of-officials-who-sought-to-unmask-flynn-biden-comey-obama-intel-chiefs-among-them* (last accessed June 4, 2020). According to the document, the list outlined individuals who had submitted a request "to unmask an identity that had been generically referred to in an NSA foreign intelligence report". *https://www.foxnews. com/politics/read-documents-listing-names-of-obama-era-officials-who-sought-to-unmask-michael-flynn* (last accessed June 4, 2020).

13. In a letter dated May 25, 2020, and sent to the attention of Senator Mark Warner, Director Grenell stated that "the decision to declassify the names of individuals who sought to unmask the identity of General Flynn poses absolutely no risk of compromise of either sources or methods", and then repeated that the declassification of the identities of unmaskers "…[p]osed no conceivable risks to sources or methods." *https://twitter. com/CBS_Herridge/status/126527 8553609973760* (last accessed June 4, 2020).

14. The release of the "list" by Director Grenell comes amid claims by President Trump and Members of Congress that the "unmasking" of Michael Flynn's identity was improper or illegitimate. *https://www.westernjournal.com/midst-flynn-unmasking-scandal-trump-reveals-thinks-obama-really/* (last accessed June 4, 2020); *https://www.washingtonpost.com/politics/lindsey-graham-seeks-obama-officials-who-unmasked-trump-allies/2020/05/19/d72c434a-9a0b-11ea-a282-386f56d579e6_story.html* (last accessed June 4, 2020). The debate surrounding the permissibility of and manner in which unmasking is performed is now the subject of multiple Congressional inquiries. *https://www.washingtonpost.com/politics/lindsey-graham-seeks-obama-officials-who-unmasked-trump-allies/2020/05/19/d72c434a-9a0b-11ea-a282-386f56d579e6_story.html* (last accessed June 4, 2020); *https://www.foxnews.com/politics/ grenell-releases-list-of-officials-who-sought-to-unmask-flynn-biden-comey-obama-intel-chiefs-among-them* (last accessed June 4, 2020).

15. According to the seventh annual Statistical Transparency Report Regarding Use of National Security Authorities that was issued by ODNI in April 2020, on Page 21, Figure 12, the number of U.S. person identities that NSA unmasked in response to a specific request from another agency was 9,217 during the 12-month period Sep 2015–

Aug 2016, 9,529 during CY2017, 16,721 during CY2018 and 10,012 during CY2019.

*https://www.dni.gov/files/CLPT/documents/2020_ASTR_for_CY2019_FINAL.pdf.*

(last accessed June 4, 2020).

16. The ultimate objective of this lawsuit is to provide the American public with greater transparency and understanding of exactly how often these unmasking requests are actually made and by whom, particularly in the context of senior U.S. Government officials. Given the recent media reporting and hyperbolic political commentary suggesting something unusual or inappropriate regarding the number of unmasking requests made in the final weeks of the Obama Administration with respect to General Flynn, pending hearings set to take place by Congress to inquire deeper into the matter, and the upcoming election in November 2020, there is significant public interest in providing American voters with more complete and comprehensive explanations about the nature of this previously little-known process.

## COUNT ONE (CIA)

17. By letter dated May 26, 2020, the plaintiffs, JMP and Gerstein (referred to jointly as "the Requesters"), submitted to the CIA a FOIA request.

18. The FOIA request specifically sought copies of records, including cross-references, that identify or list the names of authorized officials who submitted a request to unmask the identity of a U.S. person who was generically referenced in a foreign intelligence report from January 1, 2016, up until the date the agency begins conducting actual searches for responsive records.

19. To assist the CIA in conducting its search, the Requesters provided two lists of names of authorized officials from the presidencies of Barack Obama and Donald Trump regarding whom the request's scope may include. Those names are the following:

"1) Officials who worked in the Administration of President Barack Obama:

    a.  Vice President of the United States, Joseph R. Biden;

    b.  Chief of Staff to the President of the United States, Denis McDonough;

    c.  Assistant to the President for National Security Affairs, Susan Rice;

    d.  U.S. Ambassador to the United Nations, Samantha Power;

    e.  Director for National Intelligence, James R. Clapper;

    f.  Deputy Director for National Intelligence, Michael Dempsey;

    g.  Director of the Central Intelligence Agency, John O. Brennan;

    h.  Secretary of the Treasury, Jacob Lew;

    i.  Director of the Federal Bureau of Investigation, James Comey;

    j.  Secretary of State, John F. Kerry; or

    k.  U.S. Ambassador to Russia, John Tefft.

2) Officials who worked or still work in the Administration of President Donald Trump:

    a.  Vice President of the United States, Mike Pence;

    b.  Chief of Staff to the President of the United States, Reince Priebus;

    c.  Chief of Staff to the President of the United States, John F. Kelly;

    d.  Chief of Staff to the President of the United States, Mick Mulvaney;

    e.  Chief of Staff to the President of the United States, Mark

Meadows;

f.  Assistant to the President for National Security Affairs, Michael Flynn;

g.  Assistant to the President for National Security Affairs, Keith Kellogg;

h.  Assistant to the President for National Security Affairs, H.R. McMaster;

i.  Assistant to the President for National Security Affairs, John R. Bolton;

j.  Assistant to the President for National Security Affairs, Charles Kupperman;

k.  Assistant to the President for National Security Affairs, Robert O'Brien;

l.  U.S. Ambassador to the United Nations, Michele J. Sison;

m.  U.S. Ambassador to the United Nations, Nikki Haley;

n.   U.S. Ambassador to the United Nations, Jonathan Cohen;

o.  U.S. Ambassador to the United Nations, Kelly Craft;

p.  Director for National Intelligence, James R. Clapper;

q.  Director for National Intelligence, Mike Dempsey;

r.  Director for National Intelligence, Dan Coats;

s.  Director for National Intelligence, Joseph Maguire;

t.  Director for National Intelligence, Richard Grenell;

u.  Director for National Intelligence, John Ratcliffe;

v.  Director of the Central Intelligence Agency, Meroe Park;

w.  Director of the Central Intelligence Agency, Mike Pompeo;

x.  Director of the Central Intelligence Agency, Gina Haspel;

y.   Director of the Federal Bureau of Investigation, James Comey;

z.   Director of the Federal Bureau of Investigation, Andrew McCabe;

aa. Director of the Federal Bureau of Investigation, Christopher A. Wray;

bb. Secretary of State, Tom Shannon;

cc. Secretary of State, Rex Tillerson;

dd. Secretary of State, John J. Sullivan,;

ee. Secretary of State, Mike Pompeo;

ff.  Senior Advisor to the President, Ivanka Trump; or

gg. Senior Advisor to the President, Jared Kushner."

20. The FOIA request clarified that to the extent that the "list" of unmasking requests declassified by Director Grenell and ultimately made public was not a standard method for documenting these types of requests, the Requesters were alternatively seeking to have their request for a "list" construed as seeking the paperwork memorializing the unmasking requests themselves. The Requesters noted, however, that they were voluntarily excluding from the scope of responsive information sought the underlying foreign intelligence report or information at issue, the identity of the individual who had been masked, or the written justification that was submitted as part of the unmasking request.

21. The FOIA request also noted that the Requesters were seeking expedited processing.

22. The FBI was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before June 5, 2020.

9

23. As of the date of this filing, no response was received from the CIA by the Requesters with respect to expedited processing.

24. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT TWO (FBI)

25. By letter dated May 26, 2020, the Requesters submitted to the FBI a FOIA request.

26. The Requesters repeat and reallege paragraphs 18-21, as the scope of the request to FBI, as well as the issue of expedited processing, was addressed in identical fashion in the FBI request as was done in the request to the CIA.

27. The FBI was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before June 5, 2020.

28. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT THREE (ODNI)

29. By letter dated May 26, 2020, the Requesters submitted to ODNI a FOIA request.

30. The Requesters repeat and reallege paragraphs 18-21, as the scope of the request to ODNI, as well as the issue of expedited processing, was addressed in identical fashion in the ODNI request as was done in the request to the CIA.

31. By letter dated May 28, 2020, ODNI denied expedited processing to the Requesters. The FOIA request was assigned Request Number DF-2020-00250.

32. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT FOUR (NSA)

33. By letter dated May 26, 2020, the Requesters submitted to the NSA a FOIA request.

34. The Requesters repeat and reallege paragraphs 18-21, as the scope of the request to NSA, as well as the issue of expedited processing, was addressed in identical fashion in the NSA request as was done in the request to the CIA.

35. NSA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before June 5, 2020.

36. As of the date of this filing, no response was received from NSA by the Requesters with respect to expedited processing.

37. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT FIVE (STATE)

38. By letter dated May 26, 2020, the Requesters submitted to State a FOIA request.

39. The Requesters repeat and reallege paragraphs 18-21, as the scope of the request to State, as well as the issue of expedited processing, was addressed in identical fashion in the State request as was done in the request to the CIA.

40. State was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due by or before June 5, 2020.

41. As of the date of this filing, no response was received from State by the Requesters with respect to expedited processing.

42. The Requesters have a legal right under the FOIA to be granted expedited processing.

## COUNT SIX (TREASURY)

43. By letter dated May 26, 2020, the Requesters submitted to Treasury a FOIA request.

44. The Requesters repeat and reallege paragraphs 18-21, as the scope of the request to Treasury, as well as the issue of expedited processing, was addressed in identical fashion in the Treasury request as was done in the request to the CIA.

45. By letter dated May 27, 2020, Treasury denied expedited processing for the Requesters. The FOIA request was assigned Request Number 2020-05-173.

46. The Requesters have a legal right under the FOIA to be granted expedited processing.

WHEREFORE, plaintiffs The James Madison Project and Josh Gerstein pray that this Court:

(1) Orders the defendant federal agencies to grant expedited processing to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   June 6, 2020

Respectfully submitted,

/s/ *Bradley P. Moss*

_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs