IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE JAMES MADISON PROJECT and JOSH GERSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, *et al*., <br><br> Defendants. | Civil Action No. 1:20-cv-1488 (RC) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, the Central Intelligence Agency, the Department of Justice, the Office of Director of National Intelligence, the Department of Defense, the Department of State, and the Department of the Treasury ("Defendants"), hereby respond to Plaintiffs' Amended Complaint, ECF No. 13.

In response to the numbered paragraphs of the Amended Complaint, Defendants respond as follows, using the same paragraph numbering as is found in the Amended Complaint:

The first unnumbered paragraph at the beginning of the Amended Complaint consists of Plaintiffs' characterization of the present action, to which no response is required.

1.  This paragraph sets forth legal conclusions regarding subject matter jurisdiction and personal jurisdiction, to which no response is required.

2.  This paragraph sets forth legal conclusions regarding venue, to which no response is required.

1

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Admit that the Central Intelligence Agency is an agency of the United States Government.  The second clause of this sentence is a legal conclusion to which no response is required.

6. With respect to the first sentence, admit that the Department of Justice is an agency of the United States Government.  The second clause of this sentence is a legal conclusion to which no response is required.  The second sentence is a legal conclusion to which no response is required.

7. Admit that the Office of the Director of National Intelligence is an agency of the United States Government.  The second clause of this sentence is a legal conclusion to which no response is required.

8. With respect to the first sentence, admit that the Department of Defense is an agency of the United States Government.  The second clause of this sentence is a legal conclusion to which no response is required.  With respect to the second sentence, admit.

9. Admit that the Department of State is an agency of the United States Government.  The second clause of this sentence is a legal conclusion to which no response is required.

10. Admit that the Department of the Treasury is an agency of the United States Government.  The second clause of this sentence is a legal conclusion to which no response is required.

11. This paragraph consists of Plaintiffs' characterization of the present action, to which no response is required.

12. Admit that on May 4, 2020, the then-acting Director of National Intelligence released to Congress a declassified memorandum that described a "revised list of identities of any officials who submitted requests to the National Security Agency at any point between 8 November 2016 and 31 January 2017, to unmask the identity of former National Security Advisor, Lieutenant General Michael T. Flynn (USA-Ret.)." This memorandum, and its associated cover letter, are available at: [https://www.grassley.senate.gov/sites/default/files/2020-05-13%20ODNI%20to%20CEG%20RHJ%20%28Unmasking%29.pdf](https://www.grassley.senate.gov/sites/default/files/2020-05-13%20ODNI%20to%20CEG%20RHJ%20%28Unmasking%29.pdf). Defendants respectfully refer the Court to these documents for a full and accurate account of their contents and deny any characterization of the list or the cover letter inconsistent with their terms.

13. Defendants admit that then-acting Director of National Intelligence Director Grenell wrote Senator Mark R. Warner on May 25, 2020. Defendants respectfully refer the Court to this document for a full and accurate account of its contents and deny any characterization inconsistent with its terms.

14. This paragraph consists of characterizations of several newspaper articles. Defendants respectfully refer the Court to these documents for a full and accurate account of their contents and deny any characterization of these documents inconsistent with their terms.

15. This paragraph consists of a characterization of the seventh annual Statistical Transparency Report Regarding Use of National Security Authorities. Defendants respectfully refer the Court to this document for a full and accurate account of its contents and deny any characterization of this document inconsistent with its terms.

16. Defendants lack knowledge or information regarding the first sentence in this paragraph. The remainder of this paragraph consistent of a characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, deny.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

23. Deny. The Central Intelligence Agency avers that it responded to Plaintiffs by letter dated May 29, 2020, in which it denied Plaintiffs request for expedited processing.

24. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

25. Admit.

26. FBI repeats and realleges the CIA's responses to paragraphs 18-21.

27. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

28. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

29. Admit.

30. ODNI repeats and realleges the CIA's responses to paragraphs 18-21.

31. Admit.

32. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

33. Admit.

34. NSA repeats and realleges the CIA's responses to paragraphs 18-21.

35. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

36. Admit.

37. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

38. Admit.

39. State repeats and realleges the CIA's responses to paragraphs 18-21.

40. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

41. Deny. The Department of State avers that it responded to Plaintiffs by email dated May 28, 2020, in which it denied Plaintiffs request for expedited processing.

42. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

43. Admit.

44. Treasury repeats and realleges the CIA's responses to paragraphs 18-21.

45. Admit.

46. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

47. This paragraph repeats and realleges paragraphs 17 through 20. Defendants respectfully refer the Court to their responses to those paragraphs, which are incorporated by reference.

48. Admit.

49. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

50. This paragraph repeats and realleges paragraphs 25 through 26. Defendants respectfully refer the Court to their responses to those paragraphs, which are incorporated by reference.

51. Admit.

52. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

53. This paragraph repeats and realleges paragraphs 29 through 30. Defendants respectfully refer the Court to their responses to those paragraphs, which are incorporated by reference.

54. Admit.

55. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

56. This paragraph repeats and realleges paragraphs 33 through 34. Defendants respectfully refer the Court to their responses to those paragraphs, which are incorporated by reference.

57. Admit.

58. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

59. This paragraph repeats and realleges paragraphs 38 through 39.  Defendants respectfully refer the Court to their responses to those paragraphs, which are incorporated by reference.

60. Admit.

61. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

62. This paragraph repeats and realleges paragraphs 43 through 44.  Defendants respectfully refer the Court to their responses to those paragraphs, which are incorporated by reference.

63. Admit.

64. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, deny.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

**DEFENSES**

1. Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

WHEREFORE, having fully answered, Defendants pray that:

1. This Court enter judgment for Defendants and dismiss this action with prejudice; and

2. Defendants be granted such further relief as the Court may deem just and proper.

Dated: July 13, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va. Bar No. 85519)
Trial Attorney, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, D.C. 20005
Tel.    (202) 514-1944
Joseph.Borson@usdoj.gov